IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD M. TORRES, J-52559, | ) ) | |
| Plaintiff(s), | ) ) | No. C 09-5929 CRB (PR) |
| v. | ) ) | ORDER GRANTING MOTION TO DISMISS THIRD |
| M. CATE, et al., | ) ) | AMENDED COMPLAINT |
| Defendant(s). | ) ) | (Docket # 53) |

Plaintiff Richard Torres, a validated associate of the Mexican Mafia (EME) prison gang currently incarcerated at Pelican Bay State Prison's (PBSP) Secured Housing Unit (SHU), has filed a Third Amended Complaint (TAC) under 42 U.S.C. § 1983 alleging denial of due process in connection with four periodic review hearings of his SHU placement. For the reasons set forth below, defendants' motion to dismiss the TAC will be granted.

## BACKGOUND

On December 17, 2009, plaintiff filed a prisoner complaint under § 1983 challenging his placement and retention in the SHU on the basis of his being a validated EME associate.

On March 22, 2010, plaintiff filed a First Amended Complaint (FAC) under § 1983 alleging that fifteen defendants at High Desert State Prison (HDSP), PBSP and the California Department of Corrections and Rehabilitation (CDCR) headquarters had him validated as an EME associate and placed in PBSP's SHU without a fair hearing and on the basis of evidence that is unreliable and insufficient. Plaintiff also alleged that prison officials had elected to retain him in the SHU despite a lack of reliable and sufficient evidence.

On April 27, 2010, the court screened the FAC pursuant to 28 U.S.C. § 1915A and found that plaintiff's allegations challenging his placement and retention in the SHU stated cognizable due process claims under § 1983, when liberally construed, and ordered the FAC served on the named defendants.

On July 23, 2010, defendants moved to dismiss on the grounds that plaintiff's due process claims were barred by res judicata, collateral estoppel and the Rooker-Feldman doctrine, and that plaintiff had failed to exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a).

On January 12, 2011, the court granted defendants' motion to dismiss plaintiff's due process claim for wrongful gang validation and SHU placement on res judicata and collateral estoppel grounds, but denied the motion to dismiss as to plaintiff's due process claim for wrongful retention in the SHU. The court also granted plaintiff leave to amend to file a second amended complaint possibly establishing the involvement of additional defendants in plaintiff's allegedly wrongful retention in the SHU. The court made clear that any second amended complaint "must conform to this order and, therefore, shall omit plaintiff's due process claim for wrongful gang validation and SHU placement, and be limited to plaintiff's due process claim for wrongful retention in the SHU." Jan. 12, 2011 Order at 17.

On February 3, 2011, plaintiff filed a Second Amended Complaint (SAC) asserting claims of cruel and unusual punishment and denial of due process in connection with his gang validation and placement in the SHU. The court dismissed the SAC noting that "placement in the SHU for administrative reasons is not enough to violate the Eighth Amendment, see Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995), and the court previously dismissed with prejudice [plaintiff's] due process claim for wrongful gang validation and SHU placement." Feb. 23, 2011 Order at 2. But in the interest of justice, plaintiff was provided a final opportunity to file a third amended complaint alleging a due process claim for wrongful retention in the SHU against defendants involved in the allegedly wrongful retention. Id.

On March 25, 2011, plaintiff filed a Third Amended Complaint (TAC) largely attempting to re-characterize his dismissed claim for wrongful gang validation and SHU placement as a claim for wrongful retention in the SHU. But he also alleges that, after his September 26, 2007 validation as an EME associate, defendants Wong, Perez and Getz denied him a meaningful opportunity for review of his continued retention in the SHU.

On March 31, 2011, the court found that, liberally construed, the TAC states a cognizable § 1983 due process claim for wrongful retention in the SHU against Wong, Perez and Getz, based on plaintiff's allegations that, after his September 26, 2007 gang validation, Wong, Perez and Getz denied him a meaningful opportunity for review of his continued retention in the SHU. Mar. 31, 2011 Order at 2. All other claims and defendants were dismissed. Id.

Defendants now move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the TAC fails to state a due process claim for wrongful retention in the SHU because: (1) plaintiff does not have a liberty

3

interest in periodic reviews, (2) plaintiff received all the procedural due process protections that he was entitled to, and (3) the claim is barred by res judicata, collateral estoppel and the Rooker-Feldman doctrine. Defendants also move to dismiss on the ground that plaintiff failed to exhaust available administrative remedies and on the ground that they are entitled to qualified immunity. Plaintiff has filed an opposition and defendants have filed a reply.

## DISCUSSION

### A. Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted

California's prison administrative process, the proper remedy is dismissal without prejudice. Id.

B.     Analysis

Plaintiff alleges that defendants denied him due process in connection with four periodic review hearings of his SHU placement. Specifically, plaintiff alleges that Wong denied him due process in connection with a November 8, 2007 hearing at HDSP, Perez denied him due process in connection with a March 20, 2008 hearing at HDSP, and Getz denied him due process in connection with August 19, 2008 and February 25, 2009 hearings at PBSP. Plaintiff does not dispute that he was provided with notice and an opportunity to present his views at these hearings; rather, he claims that the hearings were not meaningful.

Due process requires that prison officials engage in some sort of periodic review of the inmate confinement following his placement in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1101 (9th Cir. 1986). The periodic reviews must be more than "meaningless gestures" to satisfy due process. Toussaint v. Rowland, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989) (citing Toussaint v. McCarthy, 801 F.2d at 1102). The "meaningless gesture" phrase was drawn from this statement from the Ninth Circuit: "Since administrative segregation must not be a pretext for punitive isolation, Hewitt, 459 U.S. at 477 n.9, the substantive criteria assure that plaintiffs' due process rights are not meaningless gestures." Toussaint v. McCarthy, 801 F.2d at 1102. Hewitt makes clear that the constitutionally required periodic review is modest in scope:

> This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner – which will have been ascertained when determining to confine the inmate to administrative segregation – and on the officials' general knowledge of prison

5

conditions and tensions, which are singularly unsuited for "proof" in any highly structured manner.

Hewitt, 459 U.S. at 477 n.9.

In view of the foregoing, this court (Patel, J.) recently held that a prisoner housed in PBSP's SHU is only entitled to "a periodic review at which the reason for placement is considered and at which he was allowed to present his views." Manriquez v. Tilton, No. C 08-2427 MHP (PR), 2011 WL 1230022, at *3 (N.D. Cal. Mar. 30, 2011). The requirement of periodic reviews "does not require that the reviewer start from scratch and re-validate the inmate at each periodic review." Id. at *4.

Like in Manriquez, plaintiff's initial gang validation is not at issue in this case. Nor is whether plaintiff received periodic reviews at which the reason for placement was considered and at which he was allowed to present his views. In the TAC, plaintiff concedes that defendants' decisions to retain him in administrative segregation at HDSP and PBSP's SHU were based on his prior validation as an EME associate and defendants' knowledge that prison gangs are dangerous. TAC ¶¶ 28, 32, 35 & 39. And plaintiff further concedes that at each of the hearings at issue he was allowed an opportunity to present his views. Id. Plaintiff received the limited due process protections he was entitled to at the periodic review hearings. See Manriquez, 2011 WL 1230022, at **3-4; see also Wilkinson v. Austin, 545 U.S. 209, 217, 224 (2005) (upholding administrative segregation policy that called for 30-day review of file and annual reviews at which inmate was allowed to appear and present his views).

That the hearings did not result in plaintiff's desired outcome did not make them meaningless gestures, as he suggests. Nor did defendants' alleged statement that plaintiff would only be released from the SHU upon debriefing. Given plaintiff's indefinite placement and CDCR's recognized avenues for release from

6

the SHU – through the debriefing process or through being determined to be an inactive prison gang member or associate – the statement appears to have been nothing more than a "realistic assessment" of plaintiff's situation. Manriquez, 2011 WL 1230022, at *4. In order that not every failed applicant could allege a due process violation by contending that a hearing was a meaningless gesture, there must be something more than an undesired assessment or outcome for the proceeding to be a meaningless gesture. Id. at *3. Plaintiff has not alleged any such something more. Nor is there any indication that he can do so.

The periodic reviews afforded plaintiff on November 8, 2007, March 20, 2008, August 19, 2008 and February 25, 2009 accomplished the basic reasons for periodic reviews – plaintiff could have brought to the attention of the committee that he wanted to debrief, that he was being held in error due to a paperwork snafu (such as having someone else's documentation being used against him), or that he thought he met the criteria for an inactivity review – and comported with due process. See id. at * 4 (citing Wilkinson, 545 U.S. at 225-26). Plaintiff was not entitled to a re-examination of the evidence and re-validation process, as he suggests. See id.

In sum, plaintiff has not alleged facts (nor is there any indication that he can allege facts) showing that any of the four periodic review hearings at issue were meaningless procedures so as to state a due process claim "that is plausible on its face." Twombly, 550 U.S. at 570.[1]

/

/

---

[1] Because plaintiff has failed to state a claim for relief that is plausible on its face, the court need not address defendants' other arguments in favor of dismissal.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the TAC (docket # 53) is GRANTED without further leave to amend.

The clerk is instructed to enter judgment in favor of defendants and close the file.

SO ORDERED.

DATED: Dec. 2, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Torres, R1.mtd2.wpd